# Exhibit A

# Charhon Callahan Robson & Garza, PLLC
## Attorneys and Counselors at Law

Steven Callahan
scallahan@ccrglaw.com

3333 Lee Parkway
Suite 460
Dallas, Texas 75219

Direct Dial: (469) 587-7240
Facsimile: (214) 764-8392

December 7, 2020

**By ECF**

The Honorable Rodney Gilstrap
Sam B. Hall, Jr. Federal Building
United States Courthouse
100 East Houston Street
Marshall, Texas 75670

RE:    *Luminati Networks Ltd. v. Tefincom S.A. d/b/a NordVPN*,
Civil Action No. 2:19-cv-00414-JRG (E.D. Tex.)

Dear Chief Judge Gilstrap:

Defendant Tefincom S.A. d/b/a NordVPN ("NordVPN") and Plaintiff Luminati Networks Ltd. ("Luminati") file this joint letter pursuant to Your Honor's Standing Order Regarding Motions Under 35 U.S.C. § 101 and Accompanying Certifications ("Standing Order"), and respectfully show as follows:

## I.    NordVPN's Position

Claim construction is not required before determination of NordVPN's Rule 12(b)(6) Motion to Dismiss Amended Complaint (ECF No. 24) ("Motion") because the basic character of the claims can be fully—and easily—understood without claim construction. *See, e.g.*, *Reese v. Sprint Nextel Corp.*, 774 F. App'x 656, 659-60 (Fed. Cir. 2019); *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1349 (Fed. Cir. 2014). The Patents-in-Suit claim nothing more than general purpose computers and servers sending or receiving information to or from one another over standard Internet connections using standard Internet protocols and IP addresses. *See* Mot. at 3-12.

Luminati's proposed claim constructions confirm that claim construction is not necessary. Luminati's proposed constructions are immaterial to the eligibility analysis because the Patents-in-Suit would still fail *Alice* even if the Court adopted them. For example, for the '319 patent, Luminati proposes to construe the "first server" components to mean a "web server," despite the preamble already claiming that the first server "comprises a web server." For the other "server" terms of the Patents-in-Suit—i.e., those that Luminati contends relate to proxy servers—Luminati proposes constructions that amount to nothing more than a "server, which is not the client device or web server." Construing a component to be a different component than another component in the claim adds nothing to the Court's understanding of the claims.

For the "client" component of the '319 and '510 patents, Luminati proposes a construction of "consumer computer," and for the "client" component of the '614 patent, Luminati proposes a construction of "[a] device using a client dedicated operating system and operating in the role of a client by requesting services, functionalities, or resources from servers." These are conventional components that existed at least a decade before the earliest priority date of the Patents-in-Suit and do not change anything about the *Alice* inquiry.

The Honorable Rodney Gilstrap
December 7, 2020
Page 2

Luminati also proposes, through its construction of "first server" of the '511 patent, to add a generic, unclaimed database component to claim 1 in an attempt to read in a limitation from the specification in order to inject specificity into its broad, generic claims. But this generic database adds nothing to the claims other than a "well-understood, routine, and conventional [component] previously known to the industry." *Content Extraction*, 776 F.3d at 1347-48. The database component of Luminati's proposed construction is so broad and generic that it undoubtedly includes any database that could store a group of IP addresses, which existed decades before 2009. Moreover, Luminati's proposed construction seeks to specify the mechanism by which the IP addresses are stored by the first server, even though such a limitation (i.e., the mechanism of storage) is absent from the claim. Similarly, Luminati seeks to add a limitation and a method step to claim 1 of the '968 patent through its proposed constructions of "requesting client device" and "second server"—adding to the claim that the selected IP is for fetching the first content and the step of the second server using the selected IP to fetch the first content from the first web server (a component that does not appear in the claim outside the preamble). In any event, the addition of an unclaimed, generic database component or a content fetching step does not change anything about the *Alice* inquiry—the broad, generic claims remain abstract even if the claims are rewritten Luminati's way. Luminati's other proposed constructions—that the preambles of claim 1 of each Patent-in-Suit are limiting and that the "selected IP" of the '511 patent "is different from the IP addresses of the client device and web server"—likewise add nothing to the claims.

Luminati cannot save its claims from ineligibility by attempting to inject specificity into its broad, generic claims by proposing constructions that read in limitations from the specification because limiting claims to a particular technological environment cannot transform an otherwise abstract idea into a patent-eligible application. *Reese*, 774 F. App'x at 660 (citing *Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1259 (Fed. Cir. 2016)). "[T]he § 101 inquiry must focus on the language of the Asserted Claims themselves, and the specification cannot be used to import details . . . if those details are not claimed." *ChargePoint, Inc. v. Sema-Connect, Inc.*, 920 F.3d 759, 769 (Fed. Cir. 2019) (internal citations and quotations omitted). Simply put, Luminati cannot change, through claim construction, the basic fact that its claims cover the sending and receiving of information using standard Internet communications.

In sum, because Luminati cannot raise any "claim construction dispute relevant to eligibility and [the Court] can fully understand the basic character of the claims without claim construction," the Court should decide the Motion without waiting for claim construction.[1] *Reese*, 774 F. App'x at 660.

---

[1]     In the co-pending 2:19-cv-00395-JRG (E.D. Tex.) case, the Court denied defendants' *Alice* motion to dismiss three of the current patents-in-suit (i.e., the '614, '319 and '510 patents) without prejudice to reurging it after claim construction. *See* 395 Case, ECF No. 85 at 5. Luminati has now submitted its proposed claim constructions in the case. *See* 395 Case, ECF No. 126. The proposed claim constructions do not affect the *Alice* inquiry as, even if the Court adopted them, the patents would still fail *Alice*. The same is true with respect to Luminati's constructions of the other two patents-in-suit (the '511 and '968 patents). *See* 2:19-cv-00396-JRG (E.D. Tex.), ECF No. 71-1. Although NordVPN disputes Luminati's claim constructions, the Court may assume the accuracy of Luminati's constructions and invalidate the patents-in-suit under *Alice* at the pleadings stage.

The Honorable Rodney Gilstrap
December 7, 2020
Page 3

## II.    Luminati's Position

Luminati provided the following list of claim terms, proposed constructions, and supporting intrinsic evidence to Defendants on December 6, 2020 for each of the Asserted Patents – US 10, 257,319 ("'319 Patent"), 10,484,510 ("'510 Patent"), 10,484,511 ("'511 Patent"), and 10,469,614 ("'614 Patent):

| Patent | Claim Term* | Proposed Claim Construction Under Judge Gilstrap's Standing Order* | Intrinsic Evidence* |
|---|---|---|---|
| '319/ '510/ '511/ '614/ '968 | Preamble | Preamble is limiting | '319 Patent 19:16-32; '510 Patent 19:18-31; '511 Patent Fig. 1-3, 7, 12; Specification at 1:26-28; 2:11-26; 12:62-13:3, 19:16-33; '968 Patent Figs. 1, 3, 9-11; Specification at 4:41-5:25; 8:10-20; 9:60-10:10; 19:16-33; '614 Patent 172:44-173:14 |
| '319/ '510 | Client device | Consumer computer | Figs. 1, 2, 3, 6 and associated discussion in specification; 2:8-23; 2:44-46; 2:40-52; 4:41-5:7; 5:21-41; 5:49-57; 9:12-9:50; 12:33-12:56; 12:62-13:3; 14:62-15:11; '319 Patent claim 1, 26; File history at pgs. 2-6 of Oct. 18, 2018 Response; '510 Patent claims 1, 22; |
| '319 | First server | Web server | Figs. 1, 3 and associated discussion in specification; 4:62-5:7; 5:21-34; 9:27-9:50; 19:16-32; claim 1; |
| '319 | Second server | A server that is not the client device or first server | Fig. 1  and associated discussion in specification; 19:16-32; claim 1 |
| '510 | Second server | Server, which is not the client device or web server | 19:18-31; claim 1 |
| '511 | First Server | A server, separate from the web server, with a database of IP addresses | Figs. 1, 3 and associated discussion in specification; 2:11-26; 2:47-49; 4:43-5:22; 9:14-9:51; 19:16-33; claim 1 |
| '511 | Sending…the first content identifier to the web server using the selected IP address | The first server sending the Uniform Resource Locator to the web server via the selected IP address, which is different from the IP addresses of the client device and web server | Figs. 1, 3 and associated discussion in specification; 5:10-5:22; 10:5-21; 19:16-37; claim 1; claim 2 |
| '614 | First server | A server that is not the client device or web server | Figs. 5a, 5b, 11-11b, 12a, 13, 22 and associated discussion in specification; 4:40-61; 6:27-42; 75:35-59; 83:4-15; 95:62-96:2; 172:44-173:14 |
| '614 | Client device | A device using a client dedicated operating system and operating in the role of | Figs 5, 5a, 5b, 11-11b, 12a, 13, 25a, 49 and associated discussion in specification; Abstract; 1:19-23; 4:40-8:59; 7:6- |

The Honorable Rodney Gilstrap
December 7, 2020
Page 4

| | | a client by requesting services, functionalities, or resources from servers | 26; 52:48-51; 62:33-40; 75:35-59; 83:4-15; 95:4-61; 108:7-62; 119:22-53; 125:38-51; 145:6-15; Claims 1, 9, 15; File History at pgs. 12-21 of June 18, 2019 Response and pg. 7 of Reply to Jan. 24, 2019 Office Action |
|---|---|---|---|
| '968 | Requesting client device | A client device that selects an IP address for use in fetching the first content stored on the first web server | Figs. 9-11; Specification at 4:62-5:25; 8:10-14, 60-64; 9:27-35, 60-10:10; 13:4-15, 31-36; 19:16-33 |
| '968 | Second Server | A server, separate from the first web server, that fetches the first content using the selected IP address | Figs. 1-3, 7, 12; Specification at 1:26-28; 2:11-26; 4:64-5:22, 5:37-50, 10:22-46, 11:63-12:4, 12:5-23, 19:16-33 |

Defendants' Motion overgeneralizes and misconstrues at least the above terms necessitating claim construction before the Motion can properly be ruled on. "[I]n determining whether the claims are directed to an abstract idea, we must be careful to avoid oversimplifying the claims because '[a]t some level, all inventions . . . embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas.'" *TLI Communs. LLC v. AV Auto. (In re TLI Communs. LLC Patent Litig.), L.L.C*, 823 F.3d 607, 611 (Fed. Cir. 2016).

Each of the Asserted Patent claims utilize a system architecture comprising operationally distinct components consisting of at least a client device, a web server, and a separate server (the first server of the '511 and '614 Patents or the second server of the '319, '510, and '968 Patents). The claimed methods of the '319, '510, and '614 patents involve a client device, such as an individual's personal computer or smart phone, receiving a request for content from a third-party server, sending that request to a web server, receiving the requested content from the web server and sending that content to the third-party server. *See e.g.* '319 Patent at 2:44-46; *see also* '614 Patent at 1:19-23. In contrast, the '511 and '968 Patents involve a first server as a proxy between a client device and web server, where the first server stores and selects an IP address from a database of IP addresses in the '511 Patent and the client device performs the selecting in the '968 Patent. *See e.g.* '511 Patent at claim 1; '968 Patent at claim 1. In addition, to the extent that Defendants' motion relies upon its assertions that '968 claim terms are indefinite (Motion at 11, 14), such arguments are wrong, but also require claim construction.

The issue to be decided is "[w]hether the patents-in-suit are unpatentable under 35 U.S.C. § 101 as abstract where they claim sending and receiving information over the Internet through an intermediary using general purpose computers and standard Internet protocols." Motion at 1 (emphasis added). Defendants ignore the features distinguishing a "client device," "web server" and separate "server." Id. These network components are not interchangeable, and the claimed methods involve steps that are not limited to the ordinary use of such components. *C.f. TLI Communs.*, 823 F.3d at 615 (finding claims abstract because "the recited physical components behave exactly as expected according to their ordinary use."). Claim construction is particularly important with regard to the Motion, as Defendants' central 101 argument relies heavily on arguing that the network components in the system architecture of the claimed methods are merely general use computers ignoring the differences in the specific network components.

The Honorable Rodney Gilstrap
December 7, 2020
Page 5

Sincerely,

s/Steven Callahan
Steven Callahan
Counsel for NordVPN

s/Sunny Cherian
Sunny Cherian
Counsel for Luminati