IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BRIGHT DATA LTD., § § *Plaintiff*, § § v. § § TEFINCOM S.A., § § *Defendant*. § | § § § § § § CIVIL ACTION NO. 2:19-CV-00414-JRG § § § § § |

### ORDER

Before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss Amended Complaint (the "Motion to Dismiss") filed by Defendant Tefincom S.A. d/b/a NordVPN ("Tefincom") (Dkt. No. 24).[1] In the Motion to Dismiss, Tefincom argues that the asserted patents claim unpatentable subject matter outside the scope of 35 U.S.C. § 101. Having considered the Motion to Dismiss, related briefing, and relevant authority, the Court finds that the Motion to Dismiss should be **DENIED**.

**I.   BACKGROUND**

Plaintiff Bright Data Ltd., formerly known as Luminati Networks Ltd. ("Bright Data") alleges infringement of U.S. Patent Nos. 10,257,319 (the "'319 Patent"), 10,484,510 (the "'510 Patent"), 10,469,614 (the "'614 Patent"), 10,484,511 (the "'511 Patent"), and 10,637,968 (the "'968 Patent") (collectively, the "Asserted Patents"). (Dkt. No. 22). Bright Data accuses Tefincom of infringing: claims 1, 17, 24, 25 and 27 of the '319 Patent; claims 1, 8, 13, 15, 16, 18, 20, 22,

---

[1] The Amended Complaint (Dkt. No. 22) superseded the original Complaint (Dkt. No. 1), mooting Tefincom's original Rule 12(b)(6) Motion to Dismiss (Dkt. No. 12).

and 23 of the '510 Patent; claims 1, 2, 4, 7, 9, 11, 12, 15, 16, 17, and 29 of the '614 Patent; claims 1, 14, 20, 21, 22, 25, 27, 28, 29 and 30 of the '511 Patent; and claims 1, 2, 11, 12, 15, 16, 17, 18, 26, 27 and 28 of the '968 Patent (collectively, the "Asserted Claims"). (Dkt. No. 24 at 6).

## II.   LEGAL STANDARD

### A.   Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court can dismiss a complaint that fails to state a claim upon which relief can be granted. To survive dismissal at this early stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff, but is not required to accept the plaintiff's legal conclusions as true. *Id.*

The Court must limit its review "to the contents of the pleadings." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). However, documents attached to a defendant's motion to dismiss are considered a part of the pleadings if they are referred to in the complaint and are central to the claim. *Id*.

### B.   Patent Eligibility

Anyone who "invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof" may obtain a patent. 35 U.S.C. § 101. Since patent protection does not extend to claims that monopolize the "building blocks of human ingenuity," claims directed to laws of nature, natural phenomena, and abstract ideas are not patent eligible. *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216–17 (2014). The Supreme

Court instructs courts to distinguish between claims that set forth patent-ineligible subject matter and those that "integrate the building blocks into something more." *Id*.

If the challenged claims recite a patent-ineligible concept, the court then "consider[s] the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent eligible application." *Alice*, 573 U.S. 208, 217–18 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 78–79 (2012)). This step is satisfied when the claim limitations "involve more than performance of 'well-understood, routine, [and] conventional activities previously known to the industry.'" *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1347–48 (Fed. Cir. 2014) (quoting *Alice*, 573 U.S. at 225). The Federal Circuit has explained that "[w]hile the ultimate determination of eligibility under § 101 is a question of law, like many legal questions, there can be subsidiary fact questions which must be resolved en route to the ultimate legal determination." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018). As such, "[t]he question of whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field is a question of fact" that must be "proven by clear and convincing evidence." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018).

### III.  DISCUSSION

The defendants in another case pending before this Court filed a Fed. R. Civ. P. 12(c) motion challenging the eligibility of the '319, '510, and '614 Patents under § 101. *See Bright Data Ltd. v. Teso lt, UAB et al.*, No. 2:19-cv-395, Dkt. No. 210 (E.D. Tex. Dec. 30, 2020) (herein, the "*Teso*" case). In a related case, the defendants filed a Fed. R. Civ. P. 12(b)(6) motion challenging the eligibility of the '511 and '968 Patents under § 101. *See Bright Data Ltd. v. Code200, UAB et*

*al.*, No. 2:19-cv-396, Dkt. No. 37 (E.D. Tex. Dec. 30, 2020) (herein, the "*Code200*" case). The *Teso* and *Code200* motions presented many of the same arguments as raised by Tefincom in the present Motion to Dismiss, and collectively, the *Teso* and *Code200* cases involved the same claims asserted here. The defendants in those cases argued that the asserted claims merely recite "conventional [] equipment to perform the generic functions of receiving and sending information," and "focus solely on the result of obtaining content via an intermediary device, as opposed to an improved computer or network." *Teso*, Dkt. No. 210 at 27; *Code200*, Dkt. No. 37 at 21; (*see also* Dkt. No. 24 at 31). The Court rejected that argument and denied both motions, finding that the claims at issue were not directed to an abstract idea under *Alice* Step One. *Teso*, Dkt. No. 303 at 11; *Code200*, Dkt. No. 98 at 10. In *Teso*, the Court explained that the method claims of the '319, '510, and '614 Patents, "while including generic computers and common Internet communication protocols, recite a broader network that is itself the claimed improvement. Rather than a mere categorization of data, the pairing of servers and peer-proxies describes a network structure that improves the ability of those actors to communicate." *Teso*, Dkt. No. 303 at 8. In *Code200*, the Court noted that the claims of the '511 and '968 Patents include "an architecture comprised of a clients, servers, and web servers configured into an architecture to facilitate providing requested content using an IP address that is selected from a group of IP addresses and used to fetch the content." *Code200*, Dkt. No. 98 at 8. Accordingly, the Court found that the claims of the '511 and '968 Patents "embody technology-based solutions that improve the performance of networks," clearing the hurdle established by *Alice* Step One. *Id.* at 9.

      The Court hereby adopts the reasoning and conclusions set forth in the Court's Orders in the *Teso* and *Code200* cases regarding the eligibility of the Asserted Claims. *Teso*, Dkt. No. 303; *Code200*, Dkt. No. 98. In this case, the Court previously adopted the Claim Construction Orders

from the *Teso* and *Code200* cases. (Dkt. No. 63). In addition, the motions in the *Teso* and *Code200* cases were subject to the same standard as the present Motion to Dismiss under Rule 12(b)(6). *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019). Accordingly, the Court finds that the Asserted Claims are not directed to an abstract concept under *Alice* Step One, and the Court need not reach *Alice* Step Two.

IV.   **CONCLUSION**

In light of the foregoing, and for the reasons stated herein, the Court finds that Tefincom's Motion to Dismiss (Dkt. No. 24) should be and hereby is **DENIED**. Accordingly, Defendant's Rule 12(b)(6) Motion to Dismiss (Dkt. No. 12), which was superseded by the filing of Bright Data's Amended Complaint (Dkt. No. 22), is hereby **DENIED AS MOOT**.

**So ORDERED and SIGNED this 24th day of September, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE