**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BRIGHT DATA LTD.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TEFINCOM S.A. D/B/A NORDVPN<br><br>　　　　Defendant. | Case No.  2:19-cv-00414-JRG<br><br>FILED UNDER SEAL<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCOMPLAINT**

Plaintiff, Bright Data Ltd. ("Bright Data" or "Plaintiff") hereby Answers the counterclaims contained in Defendant Tefincom S.A. d/b/a NordVPN's Answer to Plaintiff's Amended Complaint ("Countercomplaint"), and states as follows:

Bright Data denies each and every allegation of fact contained within Defendant's affirmative defenses.  In so denying, Bright Data does not admit and expressly denies the existence of any pleading requirement under the Federal Rules of Civil Procedure to respond to such affirmative defenses.  Bright Data further denies the allegations and characterizations in Defendant's Countercomplaint unless expressly admitted in the following paragraphs.

**DEFENDANT'S COUNTERCLAIMS**

126.　Bright Data admits that Defendant filed the Countercomplaint against Bright Data, which Defendant alleges is filed under Federal Rules of Civil Procedure 13, 14 and 20.  Paragraph 126 contains no other allegations that require a response.

1

## PARTIES

127.   Bright Data admits, on information and belief, the allegations of Paragraph 127.

128.   Bright Data admits the allegations of Paragraph 128.

## JURISDICTION AND VENUE

129.   Bright Data admits that Defendant has filed counterclaims under the laws of the United States, including 35 U.S.C. § 1 *et seq*. and the Declaratory Judgment Act, including 28 U.S.C. *et seq*. Bright Data denies any remaining allegations in Paragraph 129 of Defendant's Countercomplaint.

130.   Bright Data admits the allegations in paragraph 130 of Defendant's Countercomplaint.

131.   Bright Data admits that this Court has personal jurisdiction over Bright Data in this case. Bright Data denies any remaining allegations in Paragraph 131 of Defendants' Countercomplaint.

132.   Bright Data admits that venue in this case is proper. Bright Data denies any remaining allegations in Paragraph 132 of Defendants' Countercomplaint.

## FACTS

133.   Bright Data admits that NordVPN provides VPN services, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 133 and, therefore, denies the remaining allegations in Paragraph 133 of Defendant's Countercomplaint.

134. Bright Data is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and, therefore, denies the allegations in Paragraph 134 of Defendant's Countercomplaint.

135. Bright Data is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and, therefore, denies the allegations in Paragraph 135 of Defendant's Countercomplaint.

136. Bright Data denies the allegations in Paragraph 136 of Defendant's Countercomplaint.

137. Bright Data is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and, therefore, denies the allegations in Paragraph 137 of Defendant's Countercomplaint.

138. Bright Data admits that the e-mail speaks for itself, but denies the remaining allegations of Paragraph 138 of Defendant's Countercomplaint.

139. Bright Data admits that the e-mail speaks for itself, but denies the remaining allegations of Paragraph 139 of Defendant's Countercomplaint.

140. Bright Data admits that the document speaks for itself, but denies the remaining allegations of Paragraph 140 of Defendant's Countercomplaint.

141. Bright Data admits that the document speaks for itself, but denies the remaining allegations of Paragraph 141 of Defendant's Countercomplaint.

142. Bright Data denies the allegations of Paragraph 142 of Defendant's Countercomplaint.

143. Bright Data admits that the e-mail speaks for itself, but denies the remaining allegations of Paragraph 143 of Defendant's Countercomplaint.

144. Bright Data admits that the document speaks for itself, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 144 and, therefore, denies the remaining allegations in Paragraph 144 of Defendant's Countercomplaint.

145. Bright Data admits that the Original Complaint and First Amended Complaint in this Action accused Defendant of infringing claims of the '319, '510, '511, and '614 Patents and the First Amended Complaint also accused Defendant of infringing claims the '968 Patent, but Bright Data denies the remaining allegations in paragraph 145 of Defendant's Countercomplaint.

146. Bright Data denies the allegations of Paragraph 146 of Defendant's Countercomplaint.

147. Bright Data admits that the e-mail speaks for itself, but denies the remaining allegations in Paragraph 147 of Defendant's Countercomplaint.

148. Bright Data admits that claims of the '319, '510, and '614 Patents are infringed by a residential proxy network, but denies the remaining allegations of Paragraph 148 of Defendant's Countercomplaint.

149. Bright Data admits that Dr. Rhyne issued an expert report finding that Defendant infringes claims of the '319, '510, and '614 Patents ████████████████████████████████████████, but denies the remaining allegations of Paragraph 149 of Defendant's Countercomplaint.

150.  Bright Data admits that Dr. Rhyne's deposition testimony speaks for itself, but denies the remaining allegations of Paragraph 150 of Defendant's Countercomplaint.

151.  Bright Data admits that Dr. Rhyne's deposition testimony speaks for itself, but denies the remaining allegations of Paragraph 151 of Defendant's Countercomplaint.

152.  Bright Data admits that it filed a Motion to Compel Defendant to Produce Complete Source and this Motion has not been withdrawn as of this Answer, but denies the remaining allegations of Paragraph 152 of Defendant's Countercomplaint.

153.  Bright Data admits that it filed a Motion for Leave to File Second Amended Infringement Contentions, but denies the remaining allegations of Paragraph 153 of Defendant's Countercomplaint.

154.  Bright Data denies the allegations of Paragraph 154 of Defendant's Countercomplaint.

155.  Bright Data admits that Crowds is a printed publication predating the Asserted Patents, but denies the remaining allegations of Paragraph 155 of Defendant's Countercomplaint.

156.  Bright Data admits that Crowds is does not disclose the claims of the '319, '510, and '511 Patents, at least because it does not disclose the second server recited in the '319 or '510 Patents and/or the first server recited in the '511 Patent, but denies the remaining allegations of Paragraph 156 of Defendant's Countercomplaint.

157.  Bright Data admits that Dr. Rhyne's deposition testimony speaks for itself, but denies the remaining allegations of Paragraph 157 of Defendant's Countercomplaint.

158.  Bright Data denies the allegations of Paragraph 158 of Defendant's Countercomplaint.

159.   Bright Data denies the allegations of Paragraph 159 of Defendant's Countercomplaint.

160.   Bright Data admits that HAProxy and some documentation describing HAProxy predated the '511 Patent, but denies the remaining allegations of Paragraph 160 of Defendant's Countercomplaint.

161.   Bright Data denies the allegations of Paragraph 161 of Defendant's Countercomplaint.

162.   Bright Data admits that Dr. Rhyne's deposition testimony speaks for itself, but denies the remaining allegations of Paragraph 162 of Defendant's Countercomplaint.

163.   Bright Data denies the allegations of Paragraph 163 of Defendant's Countercomplaint.

164.   Bright Data denies the allegations of Paragraph 164 of Defendant's Countercomplaint.

## COUNT I
### (Declaratory Judgment of Non-Infringement of Asserted Patents)

165.   Bright Data repeats and incorporates by reference its answers to all the foregoing paragraphs as if fully set forth herein.

166.   Bright Data admits that Defendant seeks a declaratory judgment of non-infringement as set forth in Paragraph 166 of Defendant's Counterclaims but denies that Defendant is entitled to any relief and denies any other remaining allegations of Paragraph 166 of Defendant's Counterclaims.

167.   Bright Data admits that it has alleged that Defendant's infringed one or more claims of the Asserted Patents as set forth in Paragraph 167 of Defendants' Counterclaims.

168.   Bright Data denies the allegations in Paragraph 168 of Defendant's Counterclaims.

169. Bright Data admits that Defendant requests a judicial determination of the respective rights and duties of the parties as set forth in Paragraph of 169 of Defendant's Counterclaims, but denies the remaining allegations of Paragraph 169 of Defendants' Counterclaims.

170. Bright Data denies the allegations in Paragraph 170 of Defendants' Counterclaims.

## COUNT II
### (Declaratory Judgment of Invalidity of Asserted Patents)

171. Bright Data repeats and incorporates by reference its answers to all the foregoing paragraphs as if fully set forth herein.

172. Bright Data admits that Defendant seeks a declaratory judgment of invalidity as set forth in Paragraph 172 of Defendant's Counterclaims but denies that Defendant is entitled to any relief and denies any other remaining allegations of Paragraph 172 of Defendant's Counterclaims.

173. Bright Data denies the allegations in Paragraph 173 of Defendant's Counterclaims.

174. Bright Data admits that Defendant requests a judicial determination of the respective rights and duties of the parties as set forth in Paragraph of 174 of Defendant's Counterclaims, but denies the remaining allegations of Paragraph 174 of Defendants' Counterclaims.

175. Bright Data denies the allegations in Paragraph 175 of Defendants' Counterclaims.

## COUNT III
### (Declaratory Judgment of Unenforceability)

176. Bright Data repeats and incorporates by reference its answers to all the foregoing paragraphs as if fully set forth herein.

177.    Bright Data admits that Defendant seeks a declaratory judgment of unenforceability of any and all claims of the ''614 patent as set forth in Paragraph 172 of Defendant's Counterclaims but denies that Defendant is entitled to any relief and denies any other remaining allegations of Paragraph 177 of Defendant's Counterclaims.

178.    Bright Data denies the allegations in Paragraph 178 of Defendant's Counterclaims.

179.    Bright Data admits that Defendant requests a judicial determination of the respective rights and duties of the parties as set forth in Paragraph of 179 of Defendant's Counterclaims, but denies the remaining allegations of Paragraph 179 of Defendants' Counterclaims.

180.    Bright Data denies the allegations in Paragraph 180 of Defendants' Counterclaims.

## JURY DEMAND

181.    Bright Data admits that Defendant request a trial by jury on issues so triable, but denies that Defendants are entitled to any relief for its Counterclaims.

## PRAYER FOR RELIEF

182.    Bright Data denies that Defendant is entitled to the relief requested or to any other relief against Bright Data.  To the extent a further response to Defendant's prayer is necessary, Bright Data denies each and every allegation set forth in Defendant's Demand for Judgement (Paragraphs A through K, inclusive).

## AFFIRMATIVE DEFENSES

183.    In further answer to the Counterclaims, and as separate affirmative defenses thereto, Bright Data alleges as follows.  Bright Data expressly states that its affirmative defenses are made without

prejudice to any denial in its Answer, and without admission to any allegation in the Counterclaims, unless expressly admitted above. Bright Data reserves the right to assert additional defenses that would be rendered appropriate in view of future discovery, information, and/or analysis.

## FIRST AFFIRMATIVE DEFENSE

### (Res Judicata / Collateral Estoppel / Waiver)

184. One or more of Defendants' Counterclaims is barred by res judicata, collateral estoppel and/or waiver to the extent any issues raised in this proceeding are adjudicated in any other proceedings between the parties.

## RESERVATION OF DEFENSES

185. Bright Data hereby reserves any and all defenses that are available under the Federal Rules of Civil Procedure and the U.S. Patent Laws and any other defenses, in law or in equity that may now exist or become available as a result of discovery and further factual investigation during this litigation.

Dated: December 27, 2021

By: */s/ Ronald Wielkopolski*

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Mark Mann  
Blake Thompson  
Mann | Tindel | Thompson  
300 West Main  
Henderson, TX 75652  
Office 903-657-8540  
mark@themannfirm.com  
blake@themannfirm.com  

Korula T. Cherian  
Robert Harkins  
CA State Bar No. 179525  
RuyakCherian LLP  
1936 University Ave, Ste. 350  
Berkeley, CA 94704  
(510) 944-0190  
sunnyc@ruyakcherian.com  
bobh@ruyakcherian.com  

Ronald Wielkopolski  
Thomas Dunham  
Colby Davis  
RuyakCherian LLP  
1901 L St. NW, Suite 700  
Washington, DC 20036  
(202) 838-1560  
ronw@ruyakcherian.com  
tomd@ruyakcherian.com  
colbyd@ruyakcherian.com  

*Attorneys for Plaintiff*  
*Bright Data Networks Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 27th day of December, 2021, with a copy of this document via electronic mail.

*/s/ Ronald Wielkopolski*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

*/s/ Ronald Wielkopolski*
